FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

2011 SEP -9  P 3: 16

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| JANSSEN PHARMACEUTICA, N.V.,<br>Turnhoutseweg 30<br>Beerse, Belgium B-2340<br><br>    Plaintiff,<br>v.<br><br>DAVID J. KAPPOS,<br>in his official capacity as Undersecretary of<br>Commerce for Intellectual Property and Director<br>of the United States Patent and Trademark Office,<br>600 Dulany Street<br>Alexandria, VA 22314, and<br><br>UNITED STATES PATENT AND<br>TRADEMARK OFFICE,<br>600 Dulany Street<br>Alexandria, VA 22314,<br><br>    Defendants. | Civil Action No. 1:11cv969<br><br>LMB / IDD |

## COMPLAINT

Plaintiff, Janssen Pharmaceutica, N. V. ("Janssen"), by its attorneys, for its complaint in this action states as follows:

### NATURE OF ACTION

1. This is an action by the assignee of United States Patent No. 7,741,356 ("the '356 Patent") seeking judicial review of an administrative decision that the patent term adjustment for the '356 Patent, as authorized under 35 U.S.C. § 154, should not be changed from 1009 days to 1107 days.

2. This action arises under 35 U.S.C. § 154 and the Administrative Procedure Act, 5 U.S.C. §§ 701-706.

1190922.1

## JURISDICTION AND VENUE

3. This Court has jurisdiction to hear this action and is authorized to issue the relief sought pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1361; and 5 U.S.C. §§ 701-706.

4. Venue is proper in this district by virtue of 5 U.S.C. § 703.

## PARTIES

5. Plaintiff Janssen is a corporation organized and existing under the laws of Belgium, having a principal place of business in Beerse, Belgium.

6. On information and belief, defendant David J. Kappos ("Director") is Undersecretary of Commerce for Intellectual Property and the Director of the United States Patent and Trademark Office, acting in his official capacity. The Director is the head of the agency, charged by statute with providing management supervision for the PTO and for the issuance of patents. The Director is the official responsible for determining the period of patent term adjustment under 35 U.S.C. § 154.

7. On information and belief, defendant United States Patent and Trademark Office ("PTO"), is an agency of the United States, within the Department of Commerce.

## BACKGROUND

8. United States Patent Application No. 11/079,647 ("the '647 Application") was filed on March 14, 2005, and issued as the '356 Patent on June 22, 2010. The '356 Patent is attached as Exhibit A.

9. Plaintiff Janssen is the assignee of the '356 Patent.

10. Pursuant to 35 U.S.C. § 154(b), the Director must grant a patent term adjustment in accordance with the provisions of that statute, which states, in pertinent part, that "[t]he

Director shall proceed to grant the patent after completion of the Director's determination of a patent term adjustment under the procedures established under this subsection, notwithstanding any appeal taken by the applicant of such determination." 35 U.S.C. § 154(b)(3)(D).

11. In determining patent term adjustment, the Director is required to extend the term of a patent for a period equal to the total number of days attributable to delay by the PTO under 35 U.S.C. §§ 154(b)(1)(A), (B), and (C), as limited by the following: (i) any overlapping periods of PTO delay as specified by 35 U.S.C. § 154(b)(2)(A); (ii) any disclaimer of patent term by the applicant under 35 U.S.C. § 154(b)(2)(B); and (iii) any delay attributable to the applicant under 35 U.S.C. § 154(b)(2)(C).

12. When the claims of the '647 Application were deemed allowable, the PTO, pursuant to 35 U.S.C. § 154(b)(3), made a preliminary determination that the application would be entitled to 207 days of patent term adjustment, and mailed a notice of allowance on October 14, 2008, reflecting that determination.

13. On January 13, 2009, Plaintiff filed a Request for Reconsideration of Patent Term Adjustment under 37 C.F.R. §1.705(b) ("Request for Reconsideration I") with the PTO requesting correction of the Director's patent term adjustment determination. Request for Reconsideration I, which is attached as Exhibit B, noted that the '647 Application would be entitled to at least 609 days of patent term adjustment, including 428 days of term adjustment attributable to PTO examination delay in connection with delayed issuance of the first Office Action in that application. (The delay in issuing a first Office Action is commonly referred to as "A Delay" because patent term adjustments for such delay is authorized under subparagraph (A) of § 154(b)(1).)

14. On May 18, 2010, the PTO mailed a Decision on Application for Patent Term Adjustment ("Decision I") in which an attorney in the PTO's Office of Petitions dismissed

Plaintiff's Request for Reconsideration I as allegedly being premature in part, and otherwise confirmed the PTO's calculation of A Delay. Decision I is attached as Exhibit C.

15. On June 22, 2010, the '356 Patent issued reflecting the PTO's determination of 1009 days of patent term adjustment. In making this determination, pursuant to 35 U.S.C. § 154(b)(1)(A), the PTO credited the patent with 330 days of patent term adjustment (rather than 428 days) attributable to A Delay in connection with the first Office Action in the '647 Application.

16. On July 19, 2010, Plaintiff filed a Petition Under 37 C.F.R. § 1.181 Re Decision on Application for Patent Term Adjustment ("Rule 181 Petition") requesting that the Director invoke his supervisory authority to review Decision I because, *inter alia*, the '356 Patent was entitled to an additional 98 days of patent term adjustment attributable to A Delay. The Rule 181 Petition is attached as Exhibit D.

17. On March 15, 2011, the PTO mailed a Decision on Application for Patent Term Adjustment ("Decision II") in which an attorney in the PTO's Office of Petitions dismissed Plaintiff's Rule 181 Petition on the grounds that "the patent term adjustment under 35 U.S.C. § 154(b) is not entitled to an adjustment of 1107 days based on the examination delay pursuant to 37 C.F.R. § 1.702(a)(1)." Decision II is attached as Exhibit E.

18. On April 15, 2011, Plaintiff filed a Request for Reconsideration of Petition Decision ("Request for Reconsideration II") requesting reconsideration of Decision II because, *inter alia*, the term adjustment calculations underlying Decision II were in error, and the Rule 181 Petition had not been decided by the Director or another individual having the requisite statutory authority. Request for Reconsideration II is attached as Exhibit F.

19. On September 6, 2011, the PTO mailed a Decision on Application for Patent Term Adjustment ("Decision III") in which the Director of the PTO's Office of Petitions denied

Plaintiff's Request for Reconsideration II and characterized such denial as "final agency action within the meaning of 5 U.S.C. § 704 for the purpose of seeking judicial review." Decision III is attached as Exhibit G.

20. Defendants' determination of patent term adjustment for the '356 Patent, including the determination set forth in Decision III, was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law under 5 U.S.C. § 706(2)(A).

## CLAIM FOR RELIEF

21. The allegations of paragraphs 1-20 are incorporated into this claim for relief as if fully set forth herein.

22. The patent term adjustment for the '356 Patent, as set forth on the face of the patent, is 1009 days. The determination of this 1009-day patent term adjustment is in error because the PTO, and PTO officials under supervision of the Director acting in his official capacity (collectively, the PTO), improperly calculated the length of the A Delay period defined by 35 U.S.C. § 154(b)(1)(A).

23. The correct patent term adjustment for the '356 Patent is 1107 days.

24. Under 35 U.S.C. § 154(b)(1)(A), the correct number of days attributable to PTO examination delay ("A Delay") is 832 days. The PTO incorrectly calculated a length of A Delay as 734 days.

25. Section 154(b)(1)(A) of Title 35 guarantees prompt responses by the PTO. Failure of the PTO to provide a notification under § 132 within 14 months after the date on which an applicant filed a patent application results in an extension of the term of the patent by one day for each day after expiration of the 14 month period until the required notification is provided. 35 U.S.C. § 154(b)(1)(A)(i).

26. Plaintiff filed the '647 Application on March 14, 2005, and the PTO was required to provide a notification under § 132 within 14 months (*i.e.*, by May 14, 2006). The PTO mailed an Office Action on April 9, 2007. The PTO, however, subsequently recognized that this Office Action was defective. Before Plaintiff had an opportunity to respond to the April 9, 2007, Office Action, the PTO "rescinded and replaced" it with an Office Action mailed on July 16, 2007.

27. The PTO erred in calculating the patent term adjustment for the '356 Patent by treating the rescinded and replaced April 9, 2007, Office Action as satisfying the promptness requirement of 35 U.S.C. § 154(b)(1)(A)(i). Because that Office Action was rescinded and replaced by a later action, it should have been treated as legally void for purposes of 35 U.S.C. § 154(b)(1)(A)(i). Accordingly, an additional 98 days of A Delay should have been assessed from May 15, 2006 (the day after the date that is 14 months after the filing date of the '647 Application) until July 16, 2007 (the date on which the first non-rescinded Office Action was mailed).

28. Because the PTO relied on its erroneous calculation of A Delay, the PTO also erred in calculating the total patent term adjustment to be 1009 days, which is 98 days less than the correct patent term adjustment of 1107 days authorized by law.

29. Accordingly, the PTO's determination that the '356 Patent is entitled to only 1009 days of patent term adjustment, as evidenced by Decision II, is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

## PRAYER FOR RELIEF

Wherefore, Plaintiff demands judgment against Defendants and respectfully requests that this Court enter Orders:

A.  Changing the period of patent term adjustment for the '356 Patent from 1009 days to 1107 days, and requiring the Director to extend the term of the '356 Patent to reflect the correct 1107-day patent term adjustment; and

B.  Granting such other and future relief as the nature of the case may admit or require and as may be just and equitable.

Respectfully submitted,

Date: September 9, 2011

*/s/ Charles F. B. McAleer, Jr.*
Charles F. B. McAleer, Jr. (VSB No. 24430)
Miller & Chevalier Chartered
655 15th Street, N.W., Suite 900
Washington, D.C. 20005
Telephone: (202) 626-5800
Facsimile:  (202) 626-5801
Email: cmcaleer@milchev.com

Joseph Lucci (*)
Aleksander J. Goranin
Woodcock Washburn LLP
Cira Centre
2929 Arch Street, 12th Floor
Philadelphia, PA 19104-2891
Telephone: (215) 568-3100
Facsimile:  (215) 568-3439
Email: lucci@woodcock.com
       agoranin@woodcock.com
(*) *Pro Hac Vice* Application Pending

*Attorneys for Plaintiff*
*Janssen Pharmaceutica, N. V.*

1190922.1